# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE REYNOLDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. ARELLANO, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-01482-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAPUERIS BE DENIED<br><br>(ECF No. 2) |

Plaintiff Tyrone Reynolds is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on November 16, 2022, along with a motion to proceed in forma pauperis. (ECF No. 2.)

**I.**

**LEGAL STANDARD**

Title 28, United States Code, Section 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." A prisoner seeking to bring a civil action must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement ... for the 6-month period immediately preceding the filing of the

1 complaint ... obtained from the appropriate official of each prison at which the prisoner is or was
2 confined." 28 U.S.C. § 1915(a)(2).

## II.

## DISCUSSION

Plaintiff has filed an application declaring that, due to his poverty, he is unable to pre-pay the full amount of fees and costs for these proceedings or give security therefor, and that he believes that he is entitled to the relief sought in his complaint.  Plaintiff attached a copy his prison trust account statement from Kern Valley State Prison.  (ECF No. 2).  The statement provides the activity in Plaintiff's inmate trust account from October 1, 2021 to October 12, 2022, and reflects that Plaintiff currently has an available sum of $691.69 on account to his credit.  The trust account statement report indicates that Plaintiff has no encumbrances or obligations on the money in his account and that Plaintiff has fulfilled all of his restitution fines. Thus, the available balance in Plaintiff's account reflects that he can pay the $402.00 filing fee for this action.

Based on the foregoing, the information that Plaintiff has provided to the Court reflects that he is financially able to pre-pay the entire filing fee to commence this action. Although the Ninth Circuit Court of Appeals has held that "the filing fee ... should not take the prisoner's last dollar," Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995), in these circumstances, it appears Plaintiff has sufficient funds to pre-pay the $402.00 filing fee with money left over.  Should Plaintiff have additional information to provide the Court, or should his available balance change by the time he receives this order, he may notify the Court. However, the Court has the authority to consider any reasons and circumstances for any change in Plaintiff's available assets and funds. See also Collier v. Tatum, 722 F.2d 653, 656 (11th Cir. 1983) (district court may consider an unexplained decrease in an inmate's trust account, or whether an inmate's account has been depleted intentionally to avoid court costs).  Therefore, Plaintiff's motion to proceed in forma pauperis must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $402.00 filing fee in full.

///

## III.

## ORDER AND RECOMMENDATIONS

Accordingly, it is HEREBY ORDERED that the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis, (ECF No. 2), be DENIED; and
2. Plaintiff be ordered to pay the $402.00 filing fee in full in order to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 18, 2022**

UNITED STATES MAGISTRATE JUDGE